# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:   8:05-cr-481-T-23EAJ |
| vs. | USM NUMBER:    48531-018 |
| CARLOS FIGUEREDO LOPEZ | Defendant's Attorney:   Daniel A. Hernandez, cja |

THE DEFENDANT:

__X__ pleaded guilty to count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud | January 6, 2003 | ONE |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ Count TWO and NINE are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 13, 2006

_[signature]_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: November _14th_, 2006

AO 245B (Rev. 06/05) Sheet 4 - Probation (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | CARLOS FIGUEREDO LOPEZ | Judgment - Page 2 of 5 |
| Case No.: | 8:05-cr-481-T-23EAJ | |

## PROBATION

The defendant is hereby placed on probation for a term of **THIRTY-SIX (36) MONTHS** as to Count One of the Indictment.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__   **The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.**

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:    CARLOS FIGUEREDO LOPEZ                                     Judgment - Page  3  of  5
Case No.:     8:05-cr-481-T-23EAJ

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

X    The defendant shall participate in the Home Detention program for a period of   **Six (6) Months**  . During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida. The defendant is not required to wear the electronic monitoring device. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

X    The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X    The defendant shall provide the probation officer access to any requested financial information.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: CARLOS FIGUEREDO LOPEZ | | Judgment - Page 4 of 5 |
| Case No.: 8:05-cr-481-T-23EAJ | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | $ waived | $10,355.94 |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Union American Insurance Co.<br>Attention: Selma Zacour<br>8420 Northwest 82nd Street<br>Suite 201<br>Miami, FL  33166 | | $ 10,355.94 | |
| Totals: | $ | $ 10,355.94 | |

_ Restitution amount ordered pursuant to plea agreement   $ _____.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   _ the interest requirement is waived for the ___ fine ___ restitution.

   _ the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | CARLOS FIGUEREDO LOPEZ | Judgment - Page 5 of 5 |
| Case No.: | 8:05-cr-481-T-23EAJ | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ (special assessment) due immediately, balance due

___ not later than _____, or

___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. __X__ Payment to begin immediately (see C & E)

C. __X__ Payment in equal **monthly** installments of $**25.00**; (see E)

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

Restitution: **$10,355.94**

Payments of $25.00 per month shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ Joint and Several with:

**Ireno Luis Delgado (1), Case No. 8:05-cr-481-T-23EAJ, $10,355.94**

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

**$23,216.03, pursuant to the attached "Forfeiture Money Judgment," dated November 8, 2006.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS FIGUEREDO-LOPEZ,<br><br>Defendant. | Case No. 8:05-cr-481-T-23EAJ |

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the court upon the filing of the motion of the United States of America for entry of a Forfeiture Money Judgment, which, upon entry, shall be a final order of forfeiture as to defendant Carlos Figueredo-Lopez. The court, being fully advised in the premises, hereby finds as follows:

1. That the amount of funds defendant Carlos Figueredo-Lopez obtained as a result of the conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, for which he was found guilty as charged in Count One of the Indictment, was $23,216.03 USD.

2. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the government is entitled to a forfeiture money judgment in the amount of the proceeds the defendant obtained as a result of the offense of conviction, which is $23,216.03 USD. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is

GRANTED.

It is FURTHER **ORDERED** that defendant Carlos Figueredo-Lopez is personally liable to the United States of America for a forfeiture money judgment in the amount of $23,216.03 USD, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of November, 2006.

_____
HONORABLE STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to: Adelaide G. Few, AUSA
Attorneys of Record

2